# FRANK CLEARY v. GREAT NORTHERN RAILWAY COMPANY.[1]

## December 24, 1920.

### No. 21,894.

**Record of cause of dismissal of servant.**

1. When plaintiff was dismissed from defendant's employ it made this entry on its records: "Relieved, account unable to properly handle work assigned and men." In this action for damages a verdict for defendant was rightfully directed, for the reason that there was no testimony tending to show that plaintiff was prevented from obtaining employment because of the entry.

**Entry on record not a statutory blacklisting.**

2. Nor was there any evidence of any violation of G. S. 1913, § 8890. The mere entry upon defendant's own records of the cause of this discharge was not a blacklisting within the meaning of the statute.

**Libel—no cause of action.**

3. No cause of action for libel was proved or attempted to be proved.

**Exclusion of nonessential evidence not reversible error.**

4. There can be no reversible error in excluding evidence that did not tend to establish the facts which plaintiff failed to prove and proof of which was indispensable to a recovery.

Action in the district court for Hennepin county to recover $15,000 for malicious discharge of plaintiff from defendant's employment. The answer alleged the discharge of plaintiff was made for the reason that he was incompetent and unable to handle the work assigned to him and the men under his charge, and was not made because of any malice or ill will; denied that the unescapable effect of the clearance by the Great Northern Railway upon his discharge was to raise a complete barrier to the resumption of work by him anywhere or for any railway company, as alleged in the complaint. The case was tried before Cant, J., who granted defendant's motion for a directed verdict. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

[1]Reported in 180 N. W. 545.

*Middaugh & Cuthbert,* for appellant.

*M. L. Countryman* and *Baldwin, Baldwin, Holmes & Mayall,* for respondent.

HOLT, J.

Plaintiff had been in defendant's employ for several years attending in various capacities to the upkeep of its tracks and roadbeds, when, in 1911, he resigned. He got from defendant a certificate, in railroad parlance called a clearance, stating that his services had been satisfactory. He then worked for another railroad company until in September, 1913, when he again entered defendant's employ, becoming assistant roadmaster of its Superior & Mesaba division, which position he held till discharged on April 12, 1916. Defendant has an employment bureau which keeps records of its employees, noting thereon among other matters, the cause of the dismissal of an employee if he is dismissed. On last named date this entry on the records of this bureau was made concerning plaintiff: "Relieved, account unable to properly handle work assigned and men." Other railroad companies maintain employment bureaus with records similar to defendant's. As we understand it, on resignation or discharge, an employee may procure a copy of this record or clearance, either when he leaves the employ or at any time thereafter upon request. It also appears that the employment bureau of one railroad will furnish the like bureau of another railroad a copy or certificate of such record whenever asked to. On hiring men the railroads usually require such certificate or clearance. If the applicant for the position does not have it, he is asked to name the railroad where he has previously worked, and he may be permitted to go to work until a report is obtained from the employment bureau of his former employer. If the report is unsatisfactory he may or may not be let out. After plaintiff's discharge he obtained from defendant a certificate or clearance containing the above quoted language from the record made by the employment bureau.

The action is to recover damages on the ground that defendant's superintendent Sesser maliciously caused the entry above mentioned to be made by defendant's employment bureau, that it was false, and that be-

cause of it plaintiff was unable to secure a position from other railroad companies to his damage in $15,000. There was a directed verdict for defendant, and plaintiff appeals from the order denying a new trial.

It is very doubtful whether the evidence would sustain a finding that Sesser was not warranted in causing defendant's employment bureau to make the record that was made as to plaintiff. But, assuming it would, plaintiff failed to adduce any proof to carry other essential issues to the jury. There was no testimony that any other railroad had received information in respect to the record mentioned from this defendant. It must be conceded that defendant had the right to discharge plaintiff, even if no cause therefor existed. It could also make a record for its own use as to the reason for the discharge. So long as this record was not furnished to others or made use of to prevent plaintiff from securing work, it could not injure or damage plaintiff, though false. Plaintiff testified that he got the certificate or clearance from defendant, but he did not claim that he exhibited it to any one. However, he did say that he wrote to many railroad companies asking for a position, and in his letters he stated what sort of a clearance he held. No letter was produced. But, grant that plaintiff truly set forth his clearance in the letters, his case is not helped, for there is no evidence that any railroad to which he applied had a single vacant position of the kind plaintiff sought. There is an entire absence of proof that plaintiff was denied any work or place whatever, on account of the record made by defendant's employment bureau, or because of defendant's interference or statements. It would be working inferences beyond reason to hold that, from the general knowledge of the scarcity of labor at that time and the proof that plaintiff received no response to his letters for work, the jury could rightfully infer that the railroad companies addressed had at their disposal such a position as plaintiff applied for, which was not given him because of what he wrote concerning his clearance.

There was no violation of section 8890, G. S. 1913, shown. Merely placing upon its own records the cause of such a discharge, as was here done, cannot come within any definition of blacklisting contemplated by that statute. And no testimony was offered tending to prove that defendant made any attempt whatever to prevent or hinder plaintiff

from obtaining employment elsewhere. Hence State v. Justus, 85 Minn. 279, 88 N. W. 759, 56 L.R.A. 757, 89 Am. St. 550, and Joyce v. Great Northern Ry. Co. 100 Minn. 225, 110 N. W. 975, 9 L.R.A.(N.S.) 603, are not authorities for plaintiff. There was no publication of any list by defendant; so far as the evidence goes the publication, if made, was by plaintiff. Nor, as before stated, was there proof that plaintiff had been placed on any list which contained names of persons who might be objectionable railroad employees either in defendant's employment bureau, or, through defendant's procurement or connivance, in the employment bureau of any other railroad.

We find no case in the extensive annotation to Wabash R. Co. v. Young, in 4 L.R.A.(N.S.) 1091, to which we have been cited, that sustains plaintiff's contention that upon the evidence introduced herein he was entitled to go to the jury. Hundley v. Louisville & N. R. Co. 105 Ky. 162, 48 S. W. 429, 63 L.R.A. 289, 88 Am. St. 298, is cited as supporting plaintiff, but this quotation from the opinion makes it a decisive authority against him: "It should have been averred that he had sought, and been refused, employment by reason of the alleged wrongful act. An agreement made with other railroad companies not to employ defendant's discharged employees does not injure the plaintiff unless carried out. An averment that the defendant conspired and combined with other railroad companies to do an act, if unlawful, would not obviate the necessity of making the averment that he had sought and been refused employment by reason of the alleged wrongful act." In that case the averments in the complaint failed on precisely the same essential matter upon which evidence is here lacking. In Willis v. Muscogee Mnfg. Co. 120 Ga. 597, 48 S. E. 177, 1 Ann. Cas. 472, the evidence tended to prove that the defendant falsely reported to other employers that the plaintiff failed to live up to his contract with defendant and because of such report plaintiff could not obtain work. Blumenthal v. Shaw, 77 Fed. 954, 23 C. C. A. 590, was also a case where the employer took active steps to prevent the discharged employee from obtaining other employment.

Bacon v. Michigan Cent. R. Co. 66 Mich. 166, 33 N. W. 181, was an action for libel for entering stealing as the cause of the plaintiff's dis-

charge; such entry being made upon the lists of discharged employees which defendant each month caused to be made up and sent to those of its various superintendents who had charge of the hiring of men. The court said the communication charged the plaintiff with a crime, and, with some evidence of actual malice, it was for the jury to determine whether such malice was present so that the lists lost their privileged character. The instant case was not brought or tried as a libel suit, nor is the language of the clearance actionable per se.

No reversible error occurred in excluding a commendatory letter from plaintiff's superior as the latter was leaving defendant's services. The letter was written in 1906. It added nothing to the certificate plaintiff got when he left defendant in 1911, and which was in evidence. Moreover it had no tendency to strengthen the fatally weak spots in plaintiff's case.

The order is affirmed.