## RICHARDSON v. TEXAS & N. O. RY. CO.
### No. 13014.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 12, 1934.

Rehearing Denied Nov. 23, 1934.

Thompson & Barwise, Seth Barwise, and Hugh B. Smith, all of Fort Worth, for appellant.

Otis Rogers and Joe Spurlock, both of Fort Worth, for appellee.

LATTIMORE, Justice.

This is an appeal by plaintiff below from an instructed verdict.

Appellant alleged below that he was employed by appellee as assistant city ticket agent at Fort Worth, and that without cause an official of the appellee preferred false and fraudulent charges, the nature of which are unknown to appellant, against appellant, and thereby intentionally procured the discharge of appellant from the employ. of appellee; that appellant demanded of appellee a service letter, setting forth the truth regarding his service and the true reason for his discharge, and that appellee failed and refused to furnish appellant such letter; that it was generally understood and agreed and was a general custom in the railroad business that an employee whose employment with a railroad company is terminated have such letter; that appellee and other railroads will not give employment to one who has had railroad employment unless he possess such a service letter, and that agreement to give such a letter is a part of the contract of employment of such employees as was appellant;

that railroads have a tacit agreement with each other to the above effect; and appellant alleged his damages.

The evidence shows that the ticket office was a joint office of the Rock Island, the Southern Pacific (of which appellee is a part), and the Cotton Belt; that the Rock Island is given the control and management of the office, and pays the employees, and the expense of the office is divided then by the various companies in proportion to the sales made for each of the lines; that the Rock Island gave appellant a service letter, dated in April, 1931, stating that he was discharged on complaints of the Rock Island and Southern Pacific, and later in that same month another stating more specifically why Mr. Farmer, the general passenger agent, had asked his resignation; that the appellee declined at first to give a service letter, contending that, when appellant was assigned to the joint ticket office, he ceased to be an employee of appellee and became an employee of the Rock Island; that appellant employed attorneys; that on April 16, 1932, Mr. C. S. Fay, vice president and traffic manager of appellee. wrote and delivered to counsel for appellant a service letter, stating the history of appellant's service with them until he went to the joint office; that thereafter he was not in their employ, but that, so far as appellee was aware, his services were satisfactory.

This suit was filed in May, 1932.

Appellant complains that this letter was not satisfactory because it did not come from the occupant of the position which hired him. The record is replete with his efforts to obtain employment, and nowhere is there a suggestion that his record of service furnished to support his application was insufficient. On the contrary, in each case the rejection of his application was placed on the ground that the financial depression had forced the temporary laying off of men by the various railroads whose claims to re-employment were considered to outrank appellant.

While it is true that these reasons may have been false, and could have been a part of an illegal and wicked conspiracy between appellee and all other railroads, some evidence must be offered to justify such conclusion before a trial judge can send a jury out to deliberate thereon.

To our uninitiated minds, the letters seem to be sufficient and to exhibit a desire to aid, as far as compatible with integrity, the appellant in securing other employment. So

believing, it is unnecessary to discuss other assignments which relate to the law requiring service letters under Hundley v. Louisville & N. Ry. Co., 105 Ky. 162, 48 S. W. 429, 20 Ky. Law Rep. 1085, 63 L. R. A. 289, 88 Am. St. Rep. 298; Cleary v. Great Northern Ry. Co., 147 Minn. 403, 180 N. W. 545; Missouri Pacific R. Co. v. Richmond, 73 Tex. 568, 11 S. W. 555, 4 L. R. A. 280, 15 Am. St. Rep. 794.

The judgment of the trial court is affirmed.